**HOOD et al. v. DEFENSE HOMES CORPORATION.**
**Civil Action No. 2848—48.**

United States District Court
District of Columbia.
April 8, 1949.

Joseph D. Bulman and Sidney M. Gold-stein, both of Washington, D. C. (Swingle & Swingle, of Washington, D. C., of counsel), for plaintiff.

George Morris Fay, U. S. Atty., and Ross O'Donoghue, Asst. U. S. Atty., both of Washington, D. C., for defendant.

PINE, District Judge.

In this case plaintiffs are husband and wife. Their second amended complaint alleges that plaintiff Rose Hood "was walking in a corridor of an apartment building" in the District of Columbia owned and operated by defendant; that the corridor was "kept and maintained by the defendant, through its agents, servants, or employees, in a dangerous, defective, and slippery condition"; that this condition was known to defendant, or in the exercise of reasonable care, should have been known to it; and that as a result of this condition plaintiff was caused to fall to the floor and sustain injuries.

■ It is further alleged that defendant was "organized and incorporated under the laws of the State of Maryland." Nothing more is contained in the complaint in respect of its corporate structure, but its articles of incorporation, appearing in 6 Federal Register No. 119, page 2973, of which I may take judicial notice,[1] discloses that it was incorporated under the general laws of Maryland authorizing the formation of corporations; that its purpose, generally stated, is to engage in the business of acquiring lands, erecting buildings thereon, operating the same, and the doing of other acts in connection with the acquisition, construction, financing, and operation of buildings and structures "to provide for emergencies affecting the national security and defense"; and that its authorized capital stock is $10,000,000 to be issued for cash only to the Federal Loan Administrator, and not to be transferrable.

Defendant has moved to dismiss, on the ground that the complaint "fails to state a cause of action for which relief may be granted." In support of this contention, defendant calls attention to certain sections of Title 28 U.S.C.A., derived from the Federal Tort Claims Act, as follows:

Section 2679 provides that "the authority of any federal agency to sue and be sued in its own name shall not be construed to authorize suits against such federal agency on claims which are cognizable under section 1346(b) of this title, and the remedies provided by this title in such cases shall be exclusive."

Section 2671 provides that the "term 'federal agency' includes * * * corporations primarily acting as, instrumentalities or agencies of the United States * * *."

Section 1346(b) provides that the district courts "shall have exclusive jurisdiction of civil actions on claims against the United States, for * * * personal injury * * * caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment * * *."

Section 2401 provides that "A tort claim against the United States shall be forever barred unless action is begun thereon within one year after such claim accrues."

■ From the foregoing, defendant apparently reasons that, being a "federal

agency," there is no authority to bring suit against it because the claim is cognizable under Section 1346(b) supra, and being cognizable under this section, the suit should be against the United States, which is barred by the one-year statute of limitations contained in Section 2401, supra. If defendant's premise is correct, the conclusion would necessarily follow unless the constitutional points discussed by counsel forbid. However, I am of the opinion that defendant's premise is incorrect, in that this action does not purport to be one for personal injury "caused by the negligent or wrongful act or omission of any employee of the government while acting within the scope of his office or employment," as provided by Section 1346(b) supra. Instead, the complaint alleges—and all facts well pleaded must be admitted for the purpose of this motion—that the condition complained of was maintained by defendant through its agents, servants, or employees, and I cannot indulge in the presumption that persons answering this description were employees of the Government acting within the scope of their employment. Only this would bring the case within the purview of Section 1346(b) supra. Indeed, such a presumption would appear to be contrary to the statement of the General Manager, Defense Homes Corporation, contained in Federal Register, Vol. 11, 177A–918, that this corporation "employs, as its sole device for the management of its projects, independent contractor arrangements."

I am therefore of the view that this action, in its present posture, does not disclose an action coming within the purview of the above-mentioned sections of Title 28 U.S.C.A., taken from the Federal Tort Claims Act, and therefore is not barred by the limitations contained therein. Instead, it appears, on the record, to be an action, on account of a tort committed in the District of Columbia, against a Maryland corporation doing business in the Dis-

trict of Columbia, whose capital stock is solely owned by the United States and whose purposes and activities are for the benefit and in the interest of the United States. This corporation has the power to sue and be sued[2] and, being a foreign corporation doing business in the District of Columbia, may be sued in the District in the manner provided by law.[3] Furthermore, such action is not barred by the general statute of limitations,[4] and defendant is not immune from suit by virtue of its status as a government-owned corporation conducting activities in the interest of the Government.[5]

The motion to dismiss, therefore, will be denied. Counsel will submit appropriate order.

---

2 Annotated Code of Maryland, Article 23, § 8, page 774.

3 Section 13—103, D.C.Code 1940.

4 Section 12—201, D.C.Code 1940.

5 Keifer & Keifer v. Reconstruction Finance Corporation, 306 U.S. 381, 59 S. Ct. 516, 83 L.Ed. 784; Federal Housing Administration No. 4 v. Burr, 309 U.S. 242, 60 S.Ct. 488, 84 L.Ed. 724; Sloan Shipyards Corp. v. U. S. Shipping Board Emergency Fleet Corp., 258 U.S. 549, 42 S.Ct. 386, 66 L.Ed. 762.